**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dixie MOBLEY, Defendant–Appellant.**

**No. 01–5946.**

United States Court of Appeals,
Sixth Circuit.

Nov. 14, 2002.

Before KENNEDY, NORRIS, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Dixie Mobley appeals her conviction, following a jury trial, on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Mobley claims that the trial court erred in permitting the government to present to the jury evidence that some two years prior to this offense, she had made two separate trips to California where she purchased methamphetamine that she brought back to Tennessee for distribution. Finding no error in the district court's evidentiary ruling, we affirm.

In April 1999, postal inspectors in southern California identified as suspicious a package from Wildomar, California, addressed to Mobley in Humboldt, Tennessee. Pursuant to a properly obtained search warrant, the inspectors opened the package and found that it contained more than 50 grams of methamphetamine. Mobley was indicted following the controlled delivery of the package to her home. The evidence at issue in this appeal is the testimony of two witnesses, one of whom accompanied Mobley to the Wildomar area of southern California twice in 1995 and 1996, and one of whom accompanied her on only one of these trips. These witnesses testified that Mobley returned to Tennessee from each of the California trips with quantities of methamphetamine weighing two pounds or more.

The government provided notice to Mobley prior to trial that it intended to present this evidence under Federal Rule of Evidence 404(b), to prove Mobley's knowledge that the package contained methamphetamine and her intent to distribute it. Over Mobley's objection, the district court initially ruled that intent was an element of the crime, that the evidence was admissible to prove intent, and that with a proper limiting instruction, the probative value of that evidence was not outweighed by its prejudicial impact. The court gave a proper limiting instruction to the jury prior to the testimony of each of the two witnesses. At the close of the evidence, the court advised the parties that it had concluded that the evidence was admissible to prove knowledge as well as intent. In the final jury instructions, the court again provided a limiting instruction, this time explaining

to the jury that the evidence of the California trips was admissible to prove Mobley's intent and knowledge and that the jury was not permitted to consider the evidence for any other purpose.

We review for abuse of discretion the district court's evidentiary ruling regarding Rule 404(b) evidence. *United States v. Mack,* 258 F.3d 548, 553 (6th Cir.2001). "A district court clearly abuses its discretion when it 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *United States v. Turns,* 198 F.3d 584, 586 (6th Cir.2000) (quoting *Schachner v. Blue Cross & Blue Shield,* 77 F.3d 889, 895 (6th Cir.1996).

We have held that the Rule 404(b) inquiry includes three distinct parts:

> First, the trial court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred. Second, the district court must make a determination as to whether the "other act" is admissible for a proper purpose under Rule 404(b). Third, the district court must determine whether the "other acts" evidence is more prejudicial than probative under Rule 403.

*Mack,* 258 F.3d at 553.

Mobley does not argue that these trips to California did not occur. Rather, she claims that because the trips had occurred more than two years earlier and had not involved the use of the mails, the district court erred in determining that the evidence of these trips was offered for a proper purpose, and that it was not more prejudicial than probative.

Our review of the record persuades us that the district court did not abuse its discretion in admitting this evidence. Both of the trips were to areas in California in close geographical proximity to Wildomar, from whence the package was mailed, and both trips were for the pur-

pose of purchasing methamphetamine which she then brought back to Tennessee to distribute. Both trips were therefore probative of Mobley's knowledge that the area from which the package was sent was a source area for methamphetamine in sufficient quantities for distribution. Both trips were in fact probative of her knowledge that the package delivered to her from that area of California contained methamphetamine, and of her intent to receive the package and to distribute its contents. The record reflects that the district court performed the required balancing of probative value against prejudicial impact and properly instructed the jury as to the limited use they were permitted make to of the evidence.

Accordingly, we affirm the judgment of the district court.